Supreme Court—Coleman v. Goldstein.

---

HARRY COLEMAN, PLAINTIFF-APPELLEE, v. ABE A. GOLDSTEIN AND BENJAMIN LIEB, TRADING AS UNITED DRUG STORE, DEFENDANTS-APPELLANTS.

Submitted December 10, 1923—Decided March 3, 1924.

**Lease of Store—Damages by Fire Through No Fault of Lessee— Fire Clause in Contract Considered, and on Examination of Evidence, It Appeared That Introduction of Evidence to Show the Proportionate Reduction of Rent was Necessary and a New Trial Was Awarded.**

On appeal from the First District Court of the City of Newark.

Before Justices KALISCH and KATZENBACH.

For the defendant-appellants, *Harry Castelbaum.*

For the plaintiff-appellee, *Cohn & Cohn.*

PER CURIAM.

This is a defendants' appeal from a judgment of the First District Court of the City of Newark. On March 6th, 1922, the plaintiff below, Harry Coleman, leased to Abe A. Goldstein and Benjamin Lieb, trading as the United Drug Store, a store at 467 Broad street, in the city of Newark. The term commenced on April 1st, 1922, and was for a period of five years. The rental for the first two years was $3,600, payable in equal monthly installments, in advance on the first day of each and every month during the term. The lease contained the following provision: "The lessee agrees that in case the premises hereby leased shall be partially damaged by fire at any time during said term, so as to render the same untenable, the lessees shall give immediate notice thereof to the lessor, who shall thereupon cause the same to be repaired with all reasonable dispatch and a proportionate reduction of rent shall be allowed the lessee for the time so occupied in repairing such part or parts of said premises as may be so damaged, provided the lessee be not in the use and occupancy of the letten premises; but in case the premises shall be so damaged by fire or otherwise that the lessor shall decide to rebuild, or in case of the total destruction of the building of which the demised premises are a part, the term shall cease and the accrued rent shall be paid up to the time of the damage or such termination."

On February 13th, 1923, a fire occurred in the premises, without the fault of the lessees. The lessor began the repair of the premises. On March 2d, 1923, the defendants paid the rent in full for the month of February and received a receipt which stated that the rent was paid "subject to fire adjustment as per lease."

On March 14th, 1923, the repairs were completed. The lessor, by his agent, sent on that day a letter to the lessees that the premises occupied by them were fully repaired and that the rent, starting March 15th, 1923, was due in full. The lessees contended that their rent was paid up to April 1st, 1923. The lessor instituted suit against the lessees in the

First District Court of the city of Newark, and the court rendered a verdict in favor of the plaintiff for $150, filing the following conclusions: "In this case I find that a fire occurred on February 14th, or 15th, 1923, in the premises of the plaintiff, occupied by the defendant as tenant.

"That the whole of the rent for February was afterward paid, subject to an adjustment; that the plaintiff later notified the defendant that the rent would commence on March 15th, 1923. This I construe to be the adjustment; therefore, judgment will be entered for $150 for the balance due for the March rent."

The letter referred to read as follows:

"3/14/23

United Drug Co.,
Broad cor Orange Sts.
Newark, N. J.
Gentlemen:

This is to notify you that the premises occupied by you, which has been recently damaged by fire, is fully repaired.

Your rent, starting March 15th, 1923, is due, in full.

Very truly yours,
FEIST & FEIST, INC.,
Louis Nass."

The appellants contend that the finding by the court as a fact that this letter was the adjustment intended by the parties is not supported by any evidence. To have held, as the court did, that this letter was an adjustment was in effect to hold that the defendants had accepted the same as an adjustment. In our opinion there was no evidence which justified a finding that the defendants had adjusted the rent on this basis. The defendants had paid for fourteen days for the month of February, when they did not have the full use of the premises. This payment was made, as the receipt states, upon the condition that it was to be subject to adjustment. The defendants also did not have the full use of the

premises for the first half of the month of March. The provisions of the lease do not, in our opinion, warrant the contention of the appellants that there should be a total rebate of the rent for the period between February 14th, 1923, and March 15th, 1923. There was evidence that there was some use made of the premises by the defendants. The lease provided for a proportionate reduction. This, we think, meant that if the lessees had some use of the premises that there was to be some rental paid to the lessor. This view makes the introduction of evidence necessary, so as to determine what the proportionate reduction should be. This is a question of fact. The District Court was not justified, in our opinion, in holding that the notification given in the letter of March 14th, 1923, to which the defendants had not assented, was of itself an adjustment within the meaning of the lease.

This view leads to a reversal of the judgment and the issue of a *venire de novo*.